UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| WANDA RIDNOUR and BRUCE RIDNOUR, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DELTA AIR LINES, INC., SKYWEST, INC., UNIFI AVIATION, LLC f/k/a DAL GLOBAL SERVICES, LLC and JOHN DOE individual or entity 1-6,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

COME NOW, Wanda Ridnour and Bruce Ridnour (hereinafter the "Plaintiffs"), by and through their attorney of record Andrea A. Klinetobe of Carlson & Blakeman, LLP, and for their Complaint and Jury Demand against the above-captioned Defendants, Delta Air Lines, Inc. ("Delta"), Skywest, Inc. ("Skywest"), Unifi Aviation, LLC f/k/a DAL Global Services, LLC ("Unifi") and John Doe individual or entity 1-6, states and alleges as follows:

**JURISDICTION AND PARTIES**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332, based on complete diversity of citizenship, insofar as the matter in controversy exceeds the sum or value of $75,000.00, inclusive of interest and costs, and arises between citizens of different States.

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, insofar as the incident giving rise to this claim occurred in the District of Nebraska in Omaha, Nebraska.

3. Plaintiffs have, at all relevant times, been residents of Omaha, Nebraska.

4. At all times herein mentioned, Defendant, DELTA AIR LINES, INC., was, and remains, a foreign corporation authorized to do business in the State of Nebraska, with its principal executive office located in Fulton County, Georgia.

5. At all times herein mentioned, Defendant DELTA AIR LINES, INC., was, and remains, a common carrier engaged in the business of transporting passengers for hire by air.

6. At all times herein mentioned, Defendant, DELTA AIR LINES, INC., as a common carrier of passengers by air, owed a non-delegable duty of care to ensure for the safety and well-being of its passengers.

7. At all times herein mentioned, Defendant, SKYWEST, INC., was, and remains, a foreign corporation authorized to do business in the State of Nebraska, with its principal executive office located in the State of Utah.

8. At all times herein mentioned, Defendant SKYWEST, INC., was, and remains, a common carrier engaged in the business of transporting passengers for hire by air.

9. At all times herein mentioned, Defendant, SKYWEST, INC., as a common carrier of passengers by air, owed a non-delegable duty of care to ensure for the safety and well-being of its passengers.

10. At all times herein mentioned, Defendant, Unifi Aviation, LLC f/k/a DAL Global Services, LLC., was, and remains, a foreign corporation authorized to do business in the State of Nebraska, with its principal executive office located in Fulton County, Georgia.

11. Upon information and belief SkyWest and Delta and Unifi (collectively "Defendants") were at all relevant times engaged in joint enterprises related to the transportation of passengers, including Plaintiff, as a common carrier for reward.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1-6, inclusive, and each of them, are unknown to Plaintiff, who thereby sues Defendants by such fictitious names, and will ask leave of this Court to amend this Complaint when the true names are ascertained. Plaintiffs are informed and believe and on that basis, allege that each Defendant named herein as Doe is responsible in some manner for the events and happenings referred to herein which proximately caused injury to Plaintiff hereinafter alleged.

**STATEMENT OF FACTS**

13. On November 16, 2023, Defendant SkyWest was the operator of a flight designated as Delta Flight DL3963 from Salt Lake City, Utah to Omaha, Nebraska ("the subject flight").

14. On November 16, 2023, the subject flight was conducted on an aircraft owned, leased, operated, staffed, maintained, or otherwise controlled by Defendant, SkyWest.

15. On November 16, 2023, Defendant, SkyWest., employed a crew responsible for the safe and secure operation of the subject aircraft and the safety and well-being of its passengers aboard the subject flight.

16. On November 16, 2023, Defendant, SkyWest, was responsible for the training, management, supervision, and/or control of its crew members aboard the subject flight, including but not limited to the crew's adherence to Defendant's standard safety policies and protocol.

17. On November 16-17, 2023 around midnight the subject flight landed at Eppley Airfield in Omaha, Nebraska and gate agents and baggage handlers employed by Defendants Delta and/or Unifi boarded the plane cabin during the deplaning process.

18. On November 16, 2023, Defendants DELTA AIR LINES, INC and UNIFI AVIATION, employed gate agents and baggage handlers responsible for

the safe and secure disembarkation of the subject flight and the safety and well-being of all passengers aboard the subject flight.

19. On November 16, 2023, Defendants DELTA AIR LINES, INC. and UNIFI AVIATION were responsible for the training, management, supervision, and/or control of their employees and agents in relation to the subject flight, including but not limited to their employees and agents adherence to Defendants' standard safety policies and protocols.

20. On November 17, 2023, Plaintiff, Wanda Ridnour, was caused to become seriously and permanently injured aboard the subject aircraft due to the negligence, carelessness and/or recklessness of Defendants Sky West, Delta and Unifi.

21. On November 16, 2023, Plaintiffs were aboard SkyWest Airlines Flight DL3963 from Salt Lake City, Utah to Omaha, Nebraska ("the subject flight").

22. Plaintiffs had purchased round trip tickets to Las Vegas from their home in Omaha, Nebraska through Delta Air Lines, Inc. The final leg of their journey home was on the subject flight.

23. Plaintiff Wanda Ridnour had a pre-existing left leg condition from a childhood polio infection.

24. Flight DL3963 landed in Omaha, Nebraska at approximately 12:00 AM November 17, 2023.

25. Plaintiffs remained seated in the first row of first class in seats B and C until all passengers had departed the plane at approximately 12:15 AM on November 17, 2023.

26. At that time, Pilot, Co-Pilot, and 2-3 flights attendants and/or gate agents also remained on the plane.

27. Plaintiff Bruce Ridnour attempted to assist Plaintiff Wanda Ridnour out of her seat on the plane but Plaintiff Wanda Ridnour slid off her seat to the floor.

28. Plaintiff Wanda Ridnour sat on the floor with both legs out in front of her and did not experience any pain or injury at this time. Plaintiff was unable to stand up without assistance.

29. At this time a male the Plaintiffs believe was the pilot or co-pilot, called a couple of baggage handlers working on the ground to come aboard the plane and assist in lifting Plaintiff Wanda Ridnour off the floor.

30. Two baggage handlers came aboard the plane and began lifting Plaintiff Wanda Ridnour with the larger of the two grabbing Plaintiff from behind in a bear hug.

31. One or both of these baggage handlers began to lose their grip on Plaintiff Wanda Ridnour and she was dropped to the floor and fell into a position where her legs were folded underneath her. With this first drop, Plaintiff experienced excruciating pain in her left leg.

32. Plaintiff Wanda Ridnour screamed "Stop, you're breaking my leg!".

33. The baggage handlers continued to lift the Plaintiff Wanda Ridnour in a bear hug manner 2 more times and dropped the Plaintiff 2 more times all while Plaintiff was screaming "Stop, you're breaking my leg!"

34. After the third lift attempt, Plaintiff had fallen to floor and no further attempts by the baggage handlers were made to lift Plaintiff Wanda Ridnour and the baggage handlers left the plane.

35. The pilot or co-pilot asked for someone to call the Omaha Rescue Squad.

36. At approximately 12:30 AM on November 17, 2023, the Omaha Rescue Squad arrived and were able to place Plaintiff on a canvas tarp and lift her out of the plane onto a gurney for transport to the Creighton University Emergency Clinic at 24th and Cuming Street in Omaha, Nebraska.

37. At the Emergency Clinic, x-rays were taken which confirmed Plaintiff's left tibia was fractured.

38. Plaintiff was then transported to Bergan Mercy Hospital on Mercy Road in Omaha, Nebraska, where she underwent surgery on her left leg at approximately 8:00 AM on November 17, 2023.

## COUNT I: NEGLIGENCE

39. Plaintiff incorporates by reference paragraphs 1-38 as if fully set forth herein.

40. Defendants, their employees, agents, servants and/or contractors, were negligent, careless and/or reckless insofar as they violated their non-delegable duty of care to passengers, and Plaintiff Wanda Ridnour in particular, by failing to take suitable precautions for the safety of passengers aboard the subject aircraft.

41. Defendants, their employees, agents, servants and/or contractors, were negligent, careless and/or reckless insofar as they violated their non-delegable duty of care to passengers, and Plaintiff Wanda Ridnour in particular, by failing to adhere to Defendants' established safety practices and procedures.

42. Defendants, their employees, agents, servants and/or contractors, were negligent, careless and/or reckless insofar as they violated their non-delegable duty of care to passengers, and Plaintiff Wanda Ridnour in particular, by knowingly causing, permitting, and/or allowing for baggage handlers/gate agents to drop Plaintiff Wanda Ridnour and break her leg.

43. Defendants had a duty to not cause injury to Plaintiff while she was aboard the plane.

44. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants, including DOES 1 through 6, inclusive, owed a duty of care to all reasonably foreseeable people, invitees and guests, including the Plaintiffs, to reasonably and safely assist Wanda Ridnour, who was a disabled person, to deplane in a reasonably safe manner.

45. As a result of each Defendants' actions and/or inactions, separately and in concert, in attempting to lift and then drop Plaintiff on the floor of the plane, Plaintiff suffered serious and permanent injuries requiring medical treatment.

46. Defendants breached their duties to Plaintiff as follows:

a. Defendants failed to reasonably and safely assist Wanda Ridnour to deplane in a safe manner.

b. Defendants failed to follow their own policies for assisting disabled passengers.

c. Defendants failed to identify and eliminate the foreseeable risk that Plaintiff would be injured if Defendants attempted to lift her from the floor of the plane.

d. Defendants knew or should have known that attempting to lift Plaintiff from the floor of the plane without appropriate skills, training, or tools was an inappropriate and dangerous action that was likely to lead to injury.

e. Defendants knew or should have known lifting assistance by trained and skilled emergency responders with appropriate assistive devices would be required to safely lift Plaintiff from the floor of the plane.

47. The joint and several acts of negligence of the Defendants were the direct and proximate cause of Plaintiffs' serious and permanent injuries and damages.

## COUNT II: RESPONDEAT SUPERIOR

48. Plaintiff incorporates by reference paragraphs 1-47 as if fully set forth herein.

49. At all times relevant hereto, Defendants John Doe 1-6 are employees and/or agents of Delta and/or SkyWest and/or Unifi and were acting within the scope of their employment when they made the decision to lift the Plaintiff and subsequently took the action of attempting to lift the Plaintiff.

50. Defendants Delta, SkyWest and Unifi are liable for the acts and omissions of each and all of their employees and agents at relevant times under the doctrine of *respondeat superior*.

51. As a direct and proximate result of their employees' and/or agents' negligence, Defendants Delta and SkyWest and Unifi are liable for the injuries and damages suffered by the Plaintiffs.

52. As a direct result of the negligence of the Defendants and the physical and mental suffering sustained by Plaintiff Wanda Ridnour therefrom, Plaintiff Bruce Ridnour has lost the care, comfort, society, companionship, and affection of his spouse and has also sustained compensable damages.

## COUNT III: FAILIURE TO TRAIN AND SUPERVISE

53. Plaintiffs incorporate by reference paragraphs 1-52 as if fully set forth herein.

54. Defendants Delta, Skywest and/or Unifi failed to adequately train and supervise their employees/agents/contractors on how to safely and properly handle a situation when a passenger aboard a plane requires assistance getting up from the floor.

55. Defendant's failure to adequately train and supervise their employees was a direct and proximate cause of Plaintiff's serious and permanent injuries.

## COUNT IV: LOSS OF CONSORTIUM

56. Plaintiffs incorporate by reference paragraphs 1-55 as if fully set forth herein.

57. As a direct result of the negligence of Defendants and the physical pain and mental suffering sustained by Plaintiff Wanda Ridnour therefrom, Plaintiff Bruce Ridnour temporarily lost the care, comfort, society, companionship, and affection of his spouse and has sustained compensable damages.

## DAMAGES

58. Plaintiffs incorporates by reference paragraphs 1-57 as if fully set forth herein

59. The aforesaid incident occurred solely as a result of Defendants' aforesaid negligence, carelessness and/or recklessness, without any negligence, carelessness and/or recklessness attributable in any measure to Plaintiff.

60. As a result of her injuries from this incident, Plaintiff Wanda Ridnour has incurred reasonable medical bills in excess of $142,000.

61. As a further result of this incident, Plaintiffs suffered injuries, damages and losses in an amount to be determined by the finder of fact for: a) economic losses including but not limited reasonable and necessary past and future medical and other expenses to treat related injuries; b) non-economic losses including but not limited to physical and mental pain and suffering, inconvenience, emotional stress and impairment of the quality of life; c) permanent impairment and d) damages incurred by Plaintiff Bruce Ridnour due to his loss of consortium claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor against Defendants for:

A. Actual and compensatory damages in an amount to be determined at trial;

B. Pre-judgment and post-judgment interest as provided by law;

C. Costs of this action, including reasonable attorney's fees; and

D. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 13, 2024.

                                        Respectfully submitted,

                                    By:  */s/ Andrea A. Klinetobe*
                                          Andrea A. Klinetobe, #23961
                                          (531) 710-3174
                                          Carlson & Blakeman, LLP
                                          2002 Douglas Street, Ste. 100
                                          Omaha, NE 68102
                                          andrea@carlsonblakeman.com
                                          Attorney for Plaintiff