IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| WANDA RIDNOUR, Wife; and BRUCE RIDNOUR, Husband;<br><br>Plaintiffs,<br><br>vs.<br><br>DELTA AIR LINES, INC.,  SKYWEST AIRLINES, INC.,  UNIFI AVIATION, LLC, and JOHN DOE, individual or entity 1-6;<br><br>Defendants. | **8:24CV442**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the court on Plaintiffs' Motion for Leave to File Plaintiffs' Expert Disclosures Out of Time. (Filing No. 80). Defendants Delta Air Lines, Inc. ("Delta") and SkyWest Airlines, Inc. ("SkyWest") oppose the motion, and for the reasons stated below, the motion is denied.

## I.    BACKGROUND

Plaintiffs filed this lawsuit on November 13, 2024, alleging damages related to a fall which occurred on an aircraft. (Filing No. 1). After some motion practice and the filing of an amended complaint, the court entered a scheduling order on June 9, 2025, and the parties filed their Rule 26(f) report with proposed progression deadlines on June 23, 2025. (Filing No. 49; Filing No. 53). The court adopted the parties' proposed deadlines and entered a final progression order on June 24, 2025. (Filing No. 54). That progression order required,

1

in part, for Plaintiffs to serve complete expert disclosures for both retained and non-retained experts on or before January 15, 2026, for Defendants to serve their expert disclosures on or before March 16, 2026, and for Plaintiffs to serve any rebuttal reports on or before April 15, 2026. (Filing No. 54).

On January 15, 2026, Plaintiffs served "Plaintiffs' Initial Expert Designation" identifying the following retained and non-retained witnesses: Phillip T. Gibson (aviation expert); Dr. Nicholas B. Bruggeman, M.D. (retained medical expert, Orthopedic Trauma); and Dr. Eric Christianson M.D. (non-retained treating physician, Orthopedic Trauma). (Filing No. 66). Plaintiff did not disclose any expert reports, but did attach an "initial report" from Dr. Christianson dated July 16, 2024, which contained some information about his medical care of the plaintiff, Ms. Ridnour. As to the other two retained experts, Plaintiffs attached their *curriculum vitae*, but affirmatively noted that those experts had "not rendered any opinions or issued any written report on this matter to date since this matter is in discovery phase." (Filing No. 66). Plaintiffs further noted that "there have been no depositions taken by any party to this lawsuit to date and this matter has not been for trial, Plaintiffs reserve the right to supplement this disclosure upon completion of discovery in this matter as required under Rule 26(e)." (Filing No. 66). There was no request to amend or extend the expert disclosure deadline at or before that time.

The matter came on for a discovery dispute call with the undersigned one month later, or on February 17, 2026. Plaintiffs' counsel chose not to appear as the dispute primarily concerned discovery issues between Defendants Delta and Unifi Aviation, LLC ("Unifi"). (Filing No. 71, text minute entry). Notably, no party requested to amend the case progression deadlines before or during that call. It was not until March 2, 2026, that Plaintiffs first requested to extend a number of case progression deadlines, including a request to extend the written discovery deadline by approximately six months and to extend the expert disclosure deadlines and other discovery deadlines by more than a year. (Filing No. 74). Plaintiffs stated in part that their experts could not yet formulate "complete" opinions and "[a]dditional time is necessary to obtain the testimony of numerous witnesses

2

to enable the experts to be fully informed on the specific events at issue." (Filing No. 74). SkyWest and Delta opposed the motion. Unifi did not. (Filing No. 74 at 2). The court entered a text order the next day setting the matter for a telephonic hearing on March 12, 2026, at which time arguments and discussion were held on the record. (Filing No. 75, Minute Entry and Filing No. 77, audio).

Delta's counsel objected to Plaintiffs' request on grounds that there was no good cause to amend the progression order under Fed. R. Civ. P. 16. Delta argued in particular that the case had been pending for approximately 16 months and Plaintiffs had not served any written discovery, nor asked to schedule any depositions prior to the expiration of the expert disclosure deadline. (Filing No. 77 at 12:00, 19:00). While the defendants had exchanged some discovery and made efforts to progress the case, Delta's counsel represented that Plaintiffs had been "radio silent" throughout the matter. (Filing No. 77 at 20:04). When the court inquired further as to the issue of good cause and due diligence, Plaintiffs' counsel did not dispute those statements, but instead claimed that the matter had multiple parties, multiple attorneys, potential pilot and flight attendant witnesses, which all made the scheduling of depositions difficult. (Filing No. 77 at 14:50). Counsel did not, however, describe or identify any efforts to schedule any depositions or conduct any discovery prior to the expert disclosure deadline, pointing out instead that a number of depositions have now been scheduled since the motion to amend was filed. (Filing No. 77 at 22:00). Delta's counsel again confirmed that she received no requests for depositions until after the expert disclosure deadline had expired. (Filing No. 77 at 19:00).

The undersigned concluded that good cause had not been shown and denied Plaintiffs' motion to amend case progression deadlines. The court found a lack of due diligence in adhering to the case progression deadlines the parties had originally proposed in their Rule 26(f) report, and which were adopted by the court. (Filing No. 77 at 25:00). Referencing both Rule 16(b) and the Eighth Circuit decision in *Petrone v. Werner Enterprises*, 940 F.3d 425 (8th Cir. 2019), the court further noted that it would be error for the court to skip the good cause analysis and permit the late disclosure of expert reports

3

after the deadline. (Filing No. 76). But, the court gave the Plaintiffs another opportunity to make that showing and granted leave to file a formal motion to serve expert disclosures out of time. (Filing No. 80).

Plaintiffs filed a Motion for Leave to file Plaintiffs' Expert Disclosures Out of Time on March 26, 2026, with a supporting brief. (Filing No. 80; Filing No. 81). Plaintiffs also submitted a "Proposed Plaintiffs' Rule 26(a)(2) Expert Disclosures and Designation," as well as "Preliminary Expert Opinions" from Dr. Gibson and an orthopedic report from Dr. Bruggeman. (Filing No. 80; Filing No. 80-1; Filing No. 80-2; Filing No. 80-3; and Filing No. 80-4). As for the treating physician Dr. Christianson, Plaintiffs attached the same report or letter that had been previously disclosed in January. Delta filed a response brief in opposition to the pending motion (Filing No. 85), which SkyWest joined in and adopted. (Filing No. 88). Unifi did not file a response or take any position on this motion. Plaintiff did not file a reply brief and the matter was deemed fully submitted.

## II.    STANDARD OF REVIEW

Rule 26(a)(2)(A) requires a party to "disclose the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). Expert witnesses "retained or specially employed to provide expert testimony in the case" must provide a written report with their disclosure. Fed. R. Civ. P. 26(a)(2)(B). For experts that are not specifically retained for litigation, parties must disclose their identity and "the subject matter on which the witness is expected to present" expert opinion testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). A party must make such disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). And when the "evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party" "the disclosures must be made" "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D).

"Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (quoting Fed. R. Civ. P. 1). "Accordingly, the district court has broad discretion in establishing and enforcing the deadlines." *Id.* (citing Fed. R. Civ. P. 16). After a scheduling order[1] is issued under Fed. R. Civ. P. 16(b)(1), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good-cause standard is not optional." *Petrone,* 940 F.3d at 434 (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . ., [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." *Ollie v. Nebraska Methodist Health System, Inc.*, 2022 WL 4586421 (D.Neb. Sept. 29, 2022) (citing *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001)). In general, the court will not consider prejudice, or the lack thereof, if the movant has not been diligent in meeting the scheduling order's deadlines. *Sherman*, 532 F.3d at 716-17) (noting that there may be no need to explore beyond the first criterion of diligence when the record shows only minimal efforts to satisfy the scheduling order requirements) (internal quotations and citation omitted).

## III.    ANALYSIS

A.    <u>There is no good cause established under Rule 16(b), meaning the expert reports of Phillip Gibson and Dr. Bruggeman are untimely</u>

Plaintiffs again have failed to establish good cause to extend the deadlines that already expired. While the court has now provided several opportunities for Plaintiffs to make that necessary showing, both during the earlier conference call and later in writing, there is simply no explanation as to why Plaintiffs did not conduct *any* discovery over the course of many months. Notably absent from the recent filings is any affidavit or

---

[1] "In this district, a scheduling order under Federal Rule of Civil Procedure 16(b) is called a 'Case Progression Order.'" NECivR 16.1.

declaration from counsel explaining any due diligence in progressing the case in accordance with the deadlines stipulated to in the parties' Rule 26(f) report. As Delta's counsel noted, it appeared to be "radio silent" for much of the case until only very recently.

Plaintiffs acknowledge that the good cause analysis as required under Fed. R. Civ. P. 16(b)(4) "cannot be circumvented." (Filing No. 81 at 2). Indeed, the Eighth Circuit concluded in *Petrone v. Werner Enterprises, Inc.*, that it was error for the district court to modify the scheduling order and extend the deadline to disclose expert reports without first finding there was good cause to do so as required by Rule 16(b). *See* 940 F.3d at 434. The court held in particular that under Rule 16, a court "'must issue a scheduling order' and such order 'must limit the time to…complete discovery [] and file motions." *Id.* (quoting Fed. R. Civ. P. 16(b)(1), (3)(A)). That scheduling order "may be modified only for good cause and with the judge's consent." *Id.* (internal citations omitted). As the court concluded, the "good-cause standard is not optional" and to "establish good cause, a party must show its diligence in attempting to meet the progression order." *Id.* (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)).

That showing has not been made here. While Plaintiffs correctly point out that some courts have recognized good cause where parties demonstrate "overall diligence despite discovery complications," they again fail to establish any due diligence in completing fact discovery in this matter and fail to describe any specific discovery complications that actually interfered with any outstanding discovery requests. (Filing No. 81 at 2). As Defendants point out in their response, "Plaintiffs did not issue a single set of written discovery requests to any defendant in this lawsuit" nor did they notice any depositions. (Filing No. 85 at 6). Noting further, "the record shows that Plaintiffs took **no steps** to move this litigation forward **until after** their expert deadline passed." (Filing No. 85 at 6) (emphasis in original). Plaintiffs offer no argument or evidence to rebut those arguments, even opting not to file a reply brief to further explain.

Plaintiffs cite only one case permitting late or supplemental expert submissions, but that case is distinguishable from this one. (Filing No. 81 at 2) (citing *Secord v. JDP, Inc.,*

*No.* 119CV00008JEGHCA, 2020 WL 2172302, at *3 (S.D. Iowa Mar. 12, 2020)). In *Secord*, both parties requested extensions of the expert deadlines due to the need for additional discovery. The plaintiff had timely complied with the scheduling order and case progression was complicated by difficulties conducting discovery with a *pro se* party. None of those circumstances are present here. Moreover, this court has repeatedly denied extensions of expert witness deadlines upon finding that the moving party has not been diligent in meeting the case progression deadlines. *See Marolf v. AyA Aguirre & Aranzabal S.A.,* No. 4:09CV3221, 2011 WL 6012203, at *5 (D. Neb. Dec. 1, 2011) (denying leave to designate an expert out of time as plaintiff failed to show diligence); *Mehner v. Furniture Design Studios, Inc.*, No. 8:22CV168, 2023 WL 3727701, at *3 (D. Neb. May 30, 2023), aff'd, 143 F.4th 941 (8th Cir. 2025) (finding no good cause for reopening or extending deadlines when Plaintiff has not diligently pursued discovery); *Chernyy v. Roesler*, No. 8:21CV366, 2024 WL 2000260, at *3 (D. Neb. May 6, 2024), aff'd, No. 8:21CV366, 2024 WL 3292658 (D. Neb. July 3, 2024) (finding no good cause for extending expert deadlines, and finding that given the lack of diligence, an analysis of prejudice is irrelevant).

Plaintiffs were aware of the issues involved in this matter and the potential need for expert opinions from the time they filed their initial complaint in November 2024, and amended complaint in May 2025. (Filing No. 1; Filing No. 45). Plaintiffs were also aware of the deadline to provide their expert disclosures as early as June 2025, as proposed in the parties' Rule 26(f) report. (Filing No. 53). Plaintiffs made no effort to seek an extension from the court or to modify the case progression deadlines until some forty-five days *after* the expert deadline had expired. Further, despite the case coming on for a discovery dispute conference with defense counsel on February 17, 2026, Plaintiffs' counsel chose not to participate and the issue was not raised.

Plaintiffs assert now that the reports of their retained experts Phillip Gibson and Dr. Bruggeman must be "supplemented" after depositions. However, there is nothing to supplement because there were no expert reports timely disclosed and that fact does not appear to be disputed. *See* Fed. R. Civ. P. 26(a)(2)(B). While Plaintiffs have shown some

7

diligence in promptly preparing expert reports *now* (in support of the present motion), the court again cannot find Plaintiffs were diligent in attempting to meet the case progression deadlines the parties agreed to in Filing No. 54, or in seeking appropriate extensions prior to the expiration of the deadlines. Accordingly, the court cannot find good cause to grant Plaintiffs' motion for leave to file the complete expert disclosures of Gibson or Dr. Bruggeman out of time. And, because supplemental reports must not materially alter an expert's original report, the court cannot grant leave to "supplement" a report that was not initially disclosed. *See Williams v. TESCO Services, Inc.*, 719 F.3d 968, 976 (8th Cir. 2013). As Plaintiffs have not made a sufficient showing of good cause, the court need not analyze the potential prejudice to Plaintiffs in denying the motion for leave to serve expert disclosures out of time. See *Sherman*, 532 F.3d, at 716-17 ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines").

B.    Rule 37 is inapplicable

Plaintiffs next argue their failure to timely disclose expert reports is substantially justified or harmless, thereby arguing against the exclusion of their experts under Rule 37. Fed. R. Civ. P. 37(c)(1) provides that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. "In other words, if a party does not satisfy the expert disclosure requirements in Rule 26(a)(2), the undisclosed information or expert is excluded unless the failure was substantially justified or harmless." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702-03 (8th Cir. 2018) (noting that the "disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37").

The court made clear in *Petrone* that "by its terms, Rule 37(c)(1) applies only when a party fails to comply with Rule 26(a) and then seeks to use that information on a motion, at a hearing, or at a trial." 940 F.3d at 435. The rule "says nothing about its applicability

8

when a court considers a motion, pursuant to Rule 16(b), to amend a progression order and extend the deadline for Rule 26 disclosures." *Id.* For the same reasons, the court finds that Plaintiffs' invocation of Rule 37 is misplaced, as the proper initial analysis must be for good cause under Rule 16(b), of which the court again finds none.

C.      The expert disclosure of non-retained expert Dr. Christianson was timely

The court notes that no party addresses the report or disclosure of non-retained expert Dr. Christianson in their briefs, and it appears that Delta does not directly dispute the disclosure of that witness. (*See* Filing No. 66; Filing No. 81; Filing No. 85; Filing No. 88). Upon review, it appears that Plaintiffs timely attached an initial report of Dr. Christianson, dated July 16, 2024, to their January 15, 2026 initial disclosure. Plaintiff represented that the July 16, 2024 letter constituted Dr. Christianson's "initial report." (Filing No. 66 at pp. 2 and 10).

For experts who are not required to provide written reports, Rule 26(a)(2)(C) requires "considerably less extensive" summary disclosure of the opinions to be offered. *Johnson v. Friesen*, 79 F.4th 939, 943 (8th Cir. 2023). These witnesses need only disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). While arguably bare bones, the court does find that Plaintiffs' disclosure of Dr. Christianson meets these requirements. The disclosure identified the subject matter on which Dr. Christianson will testify, that being his education, training, and experience in orthopedic medicine. And his letter dated July 16, 2024, provided a summary of facts and opinions on the topics he may testify about, including the type of injury the plaintiff sustained and where it occurred, the general nature of her medical treatment, and his conclusions concerning her recovery and potential disability. The court finds this to be sufficient and the disclosure of this non-retained expert is accordingly considered timely.

9

For these reasons, IT IS ORDERED:

1. Plaintiffs' Motion for Leave to file Plaintiffs' Expert Disclosure Out of Time is denied as set forth herein. (Filing No. 80).

2. Finding no good cause, Plaintiffs' request to file and serve "supplemental" expert disclosures for retained experts Phillip Gibson and Dr. Nicholas Bruggeman out of time is denied.

3. The court finds the prior disclosure of non-retained expert Dr. Christianson was sufficient pursuant to Rule 26(a)(2)(C) and therefore will be considered timely.

4. Defendants' deadline to serve complete expert disclosures was previously stayed pending the resolution of Filing No. 80. (See Filing No. 76, minute entry). The deadline is no longer stayed and Defendants shall serve complete expert disclosures of any expert on or before June 22, 2026.

5. The unexpired deadlines in Filing No. 54 not specifically amended by this order are unchanged. The matter remains set for status conference on June 26, 2026, at 10:00 a.m. as set forth in the text order entered March 13, 2026. (Filing No. 78).

Dated this 22nd day of May, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

10